1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **KAISER SAID ELMI,** | ) **NO. 2:13-cv-1703** |
| **TESFARGHABAR BERHANE,** | ) |
| **MOHAMED MUHIDDIN,** | ) |
| | ) **FIRST AMENDED** |
| | ) **COMPLAINT FOR VIOLATIONS OF** |
| | ) **CIVIL RIGHTS, RACE DISCRIMINATION** |
| **PLAINTIFFS,** | ) **PURSUANT TO TITLE VII OF THE** |
| | ) **CIVIL RIGHTS ACT OF 1964,** |
| **v.** | ) **DISCRIMINATION BASED ON** |
| | ) **NATIONAL ORIGINAL (TITLE VII)** |
| **SSA TERMINALS, LLC. , a WASH** | ) |
| **CORPORATION, JOHN BELL, TOM** | ) **VIOLATION OF RCW 49.60.030, .080, ET** |
| **HSUE, WILLIAM KENDALL, THE** | ) **SEQ, BATTERY, ASSAULT,** |
| **BRANDON BRENT, CHAD RIVERS,** | ) **INTENTIONAL INFLICTION OF** |
| **MICHAEL STILLMAN CABACCANG,** | ) **EMOTIONAL DISTRESS, NEGLIGENCE** |
| **DOES 1-150,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1  **KAISER SAID ELMI, TESFARGHABAR BERHANE, and MOHAMED MUHIDDIN,**

2  **t**he PLAINTIFFS herein, by and through their attorney, allege as follows:

3  <u>**I. JURISDICTION**</u>

4      1.  This court has jurisdiction over the subject matter of this action pursuant to

5  Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is

6  properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

7      2.  The claims upon which this suit is based occurred in this judicial district.

8      3.  PLAINTIFFS are informed and believe, and on that basis allege, that each of

9  the named DEFENDANTS reside in this judicial district.

10

11  <u>**II. PARTIES**</u>

12      2.1 Plaintiff KAISER ELMI is a married man residing primarily in the State of

13  Washington, in KING County within the Western District of Washington.  Plaintiff is a

14  short haul (drayage) truck driver at the Port of Seattle.  He is of East African birth and

15  descent.

16      2.2 Plaintiff TESFARGHABAR BERHANE is a married man residing primarily in

17  the State of Washington, in SNOHOMISH County within the Western District of

18  Washington.  Plaintiff is a short haul (drayage) truck driver at the Port of Seattle.  He is

19  of East African birth and descent.

20      2.3 Plaintiff MOHAMED MUHIDDIN is a married man residing primarily in the

21  State of Washington, in KING County within the Western District of Washington.

<u>**ELM, et al v. SSA MARINE, INC., et al.**</u>-FIRST AMENDED COMPLAINT                    2

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1  Plaintiff is a short haul (drayage) truck driver at the Port of Seattle.  He is of East

2  African birth and descent.

3  2.4 DEFENDANT SSA TERMINALS, LLC. is a completely owned and operated

4  SUBSIDIARY OF SSA MARINE, INC., .a Washington Corporation, with its corporate

5  offices in Seattle. WA.  SSA operates ports and marine terminals around the world,

6  and at the Port of Seattle, operates Terminals 25, 30, and 18 under contract with the

7  Publicly Owned Port of Seattle.

8  2.5 DEFENDANT JOHN BELL is an employee of Defendant SSA Marine, as

9  such, he was. At the time of the incidents herein the General Manager of Terminal 30

10  for SSA Marine, and was directly involved in decisions described in the fact portion of

11  this complaint, supervised the Defendant workers, and directly made the decisions

12  described that resulted in the harm to Plaintiffs

13  2.6 Defendant TOM HSUE is and was at the time of these incidents, a

14  Superintendent at the PORT OF SEATTLE for SSA terminals, LLC, at Terminals 30

15  and 18 at all times described in this complaint was acting in behalf of SSA in that

16  capacity, on orders from and based on his of his authority from SSA TERMINALS AND

17  SSA MARINE and his supervisor BELL.

18  2.7 Defendant BRANDON BRENT is, And was at the time of the incident, a

19  Superintendent at the PORT OF SEATTLE for SSA TERINALS, at Terminals 30 and

20  18 and at all times described in this complaint was acting in behalf of SSA in that

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1  capacity, on orders from and based on his of his authority from SSA TERMINALS AND

2  SSA MARINE and his supervisor BELL.

3      2.8 DEFENDANT CHAD RIVERS is, and was at the time of the incident a

4  Longshore Worker hired, employed, and supervised by SSA Terminals and its

5  personnel to load and unload containers at Terminal 30. On at least two occasions he,

6  at, at the direction of SSA, and to fulfill its aims and goals, used force and violence to

7  attack Plaintiffs in order to prevent them from using the restroom facilities at Terminal

8  30.  He was been criminally charged in two such incidents, AND CONVICTED IN AT

9  LEAST ONE CASE.  To Plaintiffs knowledge and belief Defendant Rivers has never

10  been disciplined, admonished, counseled, or otherwise directed to not engage in such

11  conduct and continues to be employed by SSA at that facility.

12      2.9 Defendant MICHAEL STILLMAN CABACCANG is, and was at the time of

13  the incident a Longshore Worker hired, employed, and supervised by SSA Terminals

14  and its personnel to load and unload containers at Terminal 30. On at least one

15  occasions he, at, at the direction of SSA, and to fulfill its aims and goals, used force

16  and violence to attack Plaintiff KAISER ELMI without cause or justification, striking his

17  truck twice with his much larger pick and pushing and striking ELMI in out of an act of

18  racial assault at Terminal 30SSA responded by banning Elmi "for life" for getting out of

19  his truck to find out what was hitting him and why  To Plaintiffs knowledge and belief

20  Defendant Cabaccang has never been disciplined, admonished, counseled, or

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1  otherwise directed to not engage in such conduct and continues to be employed by

2  SSA at that facility.

3      2.10  There are other persons, identities presently unknown to PLAINTIFFS

4  who are, and were at all times mentioned herein, involved in the batteries committed

5  against Plaintiffs , directed or encouraged the Port of Seattle Police to remove

6  Plaintiffs, the victims, from the Port Facility, and/or and not arrest Defendants and

7  encouraged individual employee Defendants to batter Plaintiff, created the policy of

8  barring Plaintiffs from the rest rooms, or otherwise who acted in concert with the above

9  named DEFENDANTS and/or participated in other ways in those activities and the

10 resulting harm in the incidents in question that are part of the subject of this action and

11 in doing the things hereinafter alleged, acted under the auspices of SSA to carry out its

12 aims and/or goals and/or color of state law as agents of the Port of Seattle, by and

13 through its Department of Police, and with that agency's full consent and approval,

14 and/or deliberately adopted a policy of discriminatory conduct by failing to properly

15 train, supervise, or discipliner the involved officers.

16     2.11  Now, and at all times discussed herein, SSA Terminals, and/or SSA

17 Marine was directly involved and responsible for all training, supervision, and policies

18 that came into play in this incident and are on notice, of similar and other abuses by its

19 employees and/or contract workers without taking sufficient steps to resolve the

20 situation.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    2.12    DOES 1-26 are, and were at all times mentioned herein, other workers

2    who assaulted, made threats and/or racial or ethnic slurs against Plaintiffs and violated

3    PLAINTIFFS' rights as discussed.

4    2.13 DOES 27-150 are employees, managers, directors, and/or supervisors of

5    SSA Terminals, LLC and/or SSA Marine, Inc. who devised, implemented, or

6    encouraged, or directed enforcement of their illegal and discriminatory policies by

7    illegal and quasilegal/tortious means.

8    2.14    This action is brought pursuant to the First, Fifth and Fourteenth

9    Amendments to the United States Constitution, and Article 1, Section 5 and Article 1,

10   Section 7 of the Washington State Constitution, Title VII of the Civil Rights Act of 1964,

11   42 U.S.C. 1983, 1988, Revised Code of Washington  49.60.030, .080, et seq., and

12   Washington State common law prohibiting assault, battery, intentional infliction of

13   emotional distress, false imprisonment, reflecting the duty to business-invitees, and

14   Washington common law negligence.

15   2.15    In August of 2012, PLAINTIFFS ELMI and BERHANE filed a claim

16   against the Port of Seattle.  The Port acknowledged the claim shortly thereafter.  The

17   Port neither accepted nor rejected the claim. On October 2, 2012 PLAINTIFF

18   MUHIDDIN filed a claim with the Port of Seattle, to which the Port never responded.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

# III. FACTS

3. 1    Plaintiffs are all East African immigrants from Ethiopia, Eritrea, and Somalia who are or have been  have been employed as short-haul truck drivers by various companies, some for as many as 35 years.

3.2 Their job is to take truck tractors and to pick-up and haul semi- truck trailers (chasses) and containers on them between terminals at the Port of Seattle and the rail yards of BNSF and Union Pacific nearby, and occasionally to warehouses.

3.3.  Terminal 30, the terminal in question, and most of the other container shipping terminals at the Port of Seattle have no direct rail connection, and depend on short haul truckers to haul the containers between the ships and the rail yards. Without this essential service, the Port and the companies that manage the terminals could not function and no cargo could come in or out of the Port.  As such, while Plaintiff's contractual relationship is not with the terminal operators, the terminal operators coordinate and regulate their activities, and Plaintiffs are essential business invitees.

3.4. Until the 1970's this work was performed by ILWU members, until the International agreed that the work could be contracted out, in a collective bargaining agreement that applied and applies to all Ports on the West Coast.

3.5. Most of this work, being poorly paid, and semi-skilled is performed by immigrants, in this case virtually all East African Immigrants.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    3.6  TERMINAL 30, owned by the public through the Port of Seattle and

2    operated by SSA TERMINALS, LLC, is a major source of such work for Plaintiffs who

3    are paid a low flat rate per load, out of which they must pay for the trucking company's

4    insurance, gas, maintenance on their tractors, etc.

5    3.7  Unlike terminals operated by other companies, Terminal 30, and to a lesser

6    extent Terminal 18, also owned by the public (Port of Seattle) and both operated by

7    Defendant SSA MARINE,  bars Plaintiffs and other East African Drivers from using the

8    rest room facilities at the Terminal, going so far as to suspend drivers who attempt to

9    use the rest rooms, barring them for varying and arbitrary periods of time from picking

10   up or dropping off cargo at the Terminal, severely cutting into their already meager

11   livelihood and ability to feed their families. This is a phenomenon that began during the

12   events that led to this case.

13   3.8.  SSA has enforced this ban banning he victims from the Terminal, by acting

14   abusively towards the drivers and  by encouraging and condoning its employees and

15   ILWU contract workers using physical force and violence to prevent Plaintiffs and other

16   East African drivers from using the rest room facilities ratifying this conduct by refusing

17   to investigate or punish ILWU members committing the assaults and by

18   punishing/banning the victims, thus creating a hostile and dangerous discriminatory

19   situation.

20   3.9. In contrast to their bannings of the drivers who attempt to use the rest

21   rooms, SSA has not punished any of its employees or contract workers who physically

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1  assault drovers, even when the SSA employee or contact workers is arrested and

2  charged with criminal assault.

3      3.10.   In at least two of these incidents, SSA responded to the criminal assault

4  by suspending the victim, in the case of Plaintiff Elmi, for "life", directing the Port of

5  Seattle Police to force them to leave.

6      3.11    The other of those was the incident involving PLAINTIFF MUHIDDIN,

7  who was not allowed to drop off his container, forcing him to wander the port with it

8  until he found a driver willing to take it and to receive the payment for delivering it.

9      3.12.   In these incidents, the Port of Seattle police carried out the directives of

10  SSA and acted specifically and solely as their agent and on their behalf.

11      3.13.   On May 30, 2012, PLAINTIFF KASIER ELMI was parked in his truck

12  waiting to pick up a container at TERMINAL 30 at the PORT OF SEATTLE, operated

13  by DEFENDANT SSA MARINE Inc. under contract, at the exact location where he was

14  directed to be, when DEFENDANT MICHAEL CABACCANG, operating an enormous

15  crane called a "pick" deliberately struck ELMI's chassis with his pick twice while

16  screaming and swearing at Elmi.  The force that Cabaccang used was so great that it

17  caused Elm's truck to rock and nearly tip over, deeply frightening him.

18      3.14. When ELMI got out of his truck to find out what was going on, Defendant

19  CABACCANG, then pushed ELMI, bumped his chest into ELMI's and began

20  screaming, swearing at, and threatening ELMOIT screaming "You M***** F******, you

21  don't belong here!" and physically injuring ELMI.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    3.15. At the direction of SSA, a security guard employed by SSA insisted to the

2    responding officers from the PORT of SEATTLE POLICE DEPARTMENT, Defendants

3    JACK MYERS AND JOSE SANTIAGO, that there was no reason for them to be there.

4    3.16. The reaction of ILWU foreman WILLIAM KENDALL, who did not have the

5    power to do so, and SSA Terminal Superintendent TOM HSUE, who did, was to ratify

6    the conduct of CABACCANG and immediately order the victim, ELMI to leave

7    Terminal 30 and banning him "life" from Terminal 30, thus depriving him of a significant

8    part of his livelihood for getting out of his truck to find out what had struck it and why.

9    3.17. OFFICERS MYERS and SANTIAGO immediately carried out SSA's

10   direction and ordered ELMI to leave the Terminal, which ELIMI, having no choice, did.

11   3.18. CABACCANG was never arrested or cited for assaulting ELMI, despite

12   the presence of at least one corroborating eye witness.

13   3.19.   On June 27, 2012 PLAINTIFF TESFARGHABAR BERHANE attempted

14   to use the men's room at Terminal 30 while his truck was parked there, and all

15   operations were shut down for the 15 minute mandated morning break period.

16   3.20.   WHEN PLAINTIFF TESFARGHABAR BERHANE entered the rest room,

17   DEFENDANT CHAD RIVERS, WORKING FOR SSA, demanded BERHANE not use

18   the restroom, and when BERHANE continued to do so, RIVERS, with the backing and

19   support of SSA, forcibly grabbed BERHANE by the neck and collar and lifted and

20   dragged BERHANE from the restroom and the building, throwing him to the ground

21   causing BERHANE to injure his arm abrading and scraping his on the pavement so

---

**ELM, et al v. SSA MARINE, INC., et al.**-FIRST AMENDED COMPLAINT                    10

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    that significant blood flow resulted, and causing BERHANE to suffer other injuries for

2    which he has received medical treatment and was out of work for a week due to his

3    injuries..

4         3.21.   No SSA worker or supervisor .intervened in any way to assist BERHANE

5    or try to stop the incident, they just stood and watched.

6         3.22.   The reaction of SSA Terminal 30 General Manager John Bell was to

7    unilaterally decide to ban the truckers from using the indoor restrooms that they were

8    previously allowed to use on breaks and during the lunch shutdown, consigning them

9    to filthy, barely maintained porta-potties at the edge of the terminal with no running or

10   hand sanitizer.

11        323.    Neither Bell, nor his Superintendents Brent and Hsue, nor any other SSA

12   Employee ever bothered to notify the drivers that they were no longer allowed to use

13   the restrooms.  The only form of notice was a discreet sign on the restroom door

14   reading "employees only". The drivers, who were at the terminal as workers, d no idea

15   that this meant they were excluded and continued to use the restrooms.

16        3.24. Rivers was charged with, and ultimately convicted of an assault on

17   Berhane that caused him to have to go to the hospital and seek repeated medical

18   treatment amounting to $6,000 in bills.

19        3.25.   NEITHER SSA NOR ANY OF ITS MANAGER, SUPERVISORS OR

20   EMPLOYEES DISCIPLINED RIIVERS IN ANY WAY; NOR DID THEY DECLINE TO

**ELM, et al v. SSA MARINE, INC., et al.**-FIRST AMENDED COMPLAINT                11

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1  KEEP HIM ON THE JOB AS THEY COULD HAVE, IN FACT, BELL REWARDED HIM

2  BY CLOSING THE RESTROOMS TO THE TRUCK DRIVERS.

3      3.26.  The result was a second battery/assault by RIVERS for the same

4  conduct.

5      3.27.  On September 25, 2012, Plaintiff MOHAMED MUHIDDIN parked his

6  truck at Terminal 30 during the lunch hour, with all activity at the Terminal shutdown

7  for lunch and attempted to use the rest room.

8      3.28.  DEFENDANT CHAD RIVERS then charged at MUHIDDIN, shoved him

9  hard and continued to push MUHIUDDIN telling him, "This is a Longshoreman's

10 lunchroom."

11     3.29. MUHIDDIN, was very frightened and physically injured by RIVERS who

12 kept pushing MUHIDDIN.

13     3.30.  As this was taking place, SSA's other Superintendent for Terminal 30,

14 Brandon Brent, emerged from his office upstairs in the same building, immediately

15 started screaming at MUHIDDIN to ":get out of here."

16     3.31.  When Muhiddin tried to explain what had occurred, BRENT continued to

17 scream at him, "I don't care!  Get out of here!" and marched Muhiddin back to his

18 truck.

19     3.32. Muhiddin, as a Muslim must wash himself before prayers and meals as a

20 matter of religious law

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    3.33.   Brent claimed this to be conducting a full investigation, something he

2    admitted in deposition to have no training in, along with no training in racial sensitivity

3    or recognizing racial harassment/attacks.

4    3.34.   BRENT then demanded MUHIDDIN'S driver's license and banned him

5    from the TERMINAL for seven days, which was later expanded to two weeks when

6    Muhiddin tried to drop off the container he was hauling before leaving, as was his

7    responsibility.

8    3.35.   DEFENDANTS Bell and Brent, accompanied by an SSA security guard

9    named AN KIM then yelled at and insulted Muhiddin and ordered Muhiddin to leave

10   the terminal immediately.

11   3.36.   Port of Seattle Police Officers  KWAN and SANTIAGO, at Bell and

12   Brent's insistence then forced MUHIDDIN to leave the terminal at BELL, BRENT, and

13   KIM's direction without letting him drop off the container on his truck, which we was

14   required to deliver to Terminal 30.

15   3.37.   PLAINTIFF MUHIDDIN was forced to wander the Port of Seattle for an

16   extended period of time seeking another driver to deliver the container.  Because

17   Muhiddin was afraid that his trucking company would fire him since T-30 accounted for

18   a majority of their business and they would believe that he had broken the rules, he

19   simply called in as unavailable for the two weeks claiming his truck had broken down

20   and then took less profitable outside routes that kept him mostly away from the Port.

21   3.38.   The resulting retaliatory ban severely interfered with his livelihood.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    3.39.  The involved officers did cite Rivers for a second time, resulting in a

2    second criminal prosecution against him.

3    3.40.  RIVERS has not been disciplined in any way and continues to work at

4    Terminal 30.

5    3.41. SSA's solution, when threatened with a lawsuit was to set up bathrooms

6    at another terminal a prohibitive distance away that prevented Plaintiffs and other East

7    African drivers from having access to a restroom facility while picking up and dropping

8    off containers at Terminal 30 that would have required them to get out of line, if they

9    could (almost impossible) and miss at least one load, if not two, thus cutting their

10   income in half.

11   3.42. SSA took no steps to inform the drivers that these restrooms were

12   available and the drivers did not know about them.

13   3.43. Prior to the filing of this lawsuit, counsel for SSA sent pictures to Plaintiffs'

14   counsel purporting to show open restrooms at T-25 with a "Trucker's washroom sign

15   on the door and directional arrow signs from the porta-potties to the supposedly open

16   restrooms.

17   3.44. When Plaintiffs' Counsel and Plaintiff Berhane did a site inspection, there

18   are no directional arrows, the "trucker's washroom" sign was different, and the

19   restrooms smelled musty from disuse and lack of cleaning.

20   3.45. Plaintiffs do not believe that the restrooms at T-25 are actually available.

21

---

**ELM, et al v. SSA MARINE, INC., et al.**-FIRST AMENDED COMPLAINT                    14

1    3.46. There have been no such incidents or conflicts between the Longshore

2    Workers and the drivers at the two other Terminals where they work, T-5 and T-49,

3    neither of which is managed by SSA, but by other contracting companies.

4    3.47. Plaintiffs and other East African drivers have been subject to frequent

5    racial slurs at T-30 including the N word, monkeys, etc. to which SA has done nothing

6    in response.

7    3.*48 This disparate treatment as to restrooms has long been regarded as*

8    *unacceptable, a harkening back to Jim Crow, and is so offensive, especially as*

9    *directed against Black people as to be regarded as a badge or hallmark of slavery and*

10    *thus violative of the 13th Amendment.  It is not the main issue, but is symbolic and*

11    *symptomatic of a larger problem of discriminatory and tortious conduct.*

12

13    **IV. STATEMENT OF DAMAGES**

14

15    4.1 As a direct and proximate result of the intentional and/or negligent acts of

16    DEFENDANTS, PLAINTIFFS sustained deprivation of their First,  Fifth and Fourteenth

17    Amendment Rights, deprivation of liberty, pain and suffering, injury, emotional distress

18    and humiliation in an amount that will be established at trial.

19    4.2 As a further direct and proximate result of the intentional and/or negligent

20    acts of DEFENDANTS, PLAINTIFFS had to retain legal counsel to protect and

21    vindicate their rights in court at an amount to be established at trial and for which he is

22    entitled to be reimbursed.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1     4.3 As a further direct and proximate result of the intentional and negligent acts

2     of the DEFENDANTS, PLAINTIFFS were deprived of legitimate income for no justified

3     reason and in retaliation for seeking basic human treatment, and are entitled to for loss

4     of wages and earnings due to the retaliatory and discriminatory treatment.

5     4.4 As a further direct and proximate result of the intentional and negligent acts

6     of the DEFENDANTS, PLAINTIFFS are entitled to compensation for costs associated

7     with medical treatment and counseling.

8     4.5 PLAINTIFFS are entitled to compensation for the Constitutional and

9     personal harms DEFENDANTS inflicted on them.

10     .

11

12     **V. CAUSES OF ACTION**:

13

14     **COUNT ONE**
15     **VIOLATION OF CIVIL RIGHTS**
16     **(TITLE 42 U.S.C. SECTION 1983)**
17     **(AS TO PLAINTIFFS ELMI, BERHANE, AND MUHIDDIN)**
18     **(As To Defendants SSA, BELL, BRENT, and HSUE, and DOES 1-25)**
19
20     5.1.  PLAINTIFFS re-allege and incorporate herein by reference the allegations

21     set forth in Paragraphs 1 through 4.5 of this complaint.

22     5.2.  In committing the acts complained of herein, DEFENDANTS acted under

23     color of state law, in operating a public facility to deprive PLAINTIFFS as alleged

24     herein, of certain constitutionally protected rights including, but not limited to:

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    (a)  The right not to be deprived of property and earning ability without due

2    process of law;

3    (b)  The right to be free from invasion or interference with PLAINTIFF'S zone of

4    privacy;

5    (c)  The right to equal protection of the law;

6    (d)  The right to be free from unreasonable search and seizure;

7    (e)  The right to be free from racially discriminatory enforcement;

8    (f)  The right to be free from racially motivated assault and harassment.

9    5.3    In violating PLAINTIFFS' rights as delineated above, and other rights

10   according to proof, DEFENDANTS acted by provocative conduct, verbal threat and

11   intimidation, humiliation, use of force, and/or by ratifying personally the above listed

12   conducts, acting to punish and deprive Plaintiffs for incidents wherein they were the

13   victims, and to punish them for asserting their basic right to equal protection, equal

14   access to facilities, and basic human rights DEFENDANTS acted to violate

15   PLAINTIFFS' rights under the First, Fourth, Fifth, and Fourteenth Amendments to the

16   U.S. Constitution.

17   5.4    DOES 1-25 are the other SSA employees and or their contract workers

18   involved directly in the incidents in question.

19   5.5   As a direct and proximate result of the violations of their Constitutional

20   rights by DEFENDANTS, and each of them, PLAINTIFFS suffered general and special

21   damages as alleged in this complaint.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

2

3                              **COUNT TWO**
4                        **Violation of Civil Rights**
5                      **(Title 42 U.S.C. Section 1983)**
6              **(AS TO PLAINTIFFS ELMI, BERHANE, AND MUHIDDIN)**
7          (**As To DEFENDANTS SSA, BELL, BRENT, HSUE, and Does 26-50)**
8
9       5.6   PLAINTIFF re-alleges and incorporates herein by reference the allegations

10   set forth in Paragraphs 1 through 5.5 of this complaint.

11       5.7   At all times herein mentioned, DEFENDANTS Does 26-50, who were

12   Supervisors of the named individual SSA SUPERVISORS AND EMPLOYEES and

13   Does 1-25 acted in their official capacities as MANAGERS, CORPORATE OFFICERS

14   AND/OR SUPERVISORS of SSA over DEFENDANTS BELL, BRENT, AND HSUE and

15   DOES 1-25 and failed to properly supervise, train, and discipline DEFENDANT(S),

16   especially in light of known previous incidents involving contract Longshore Workers at

17   the two SSA operated terminals at the Port of Seattle, and Plaintiffs, with SSA

18   supervisors/managers playing a key role in that abuse, and in fact, ratified and

19   approved their inappropriate, illegal, and tortious conduct and intentional acts to

20   deprive PLAINTIFF of their rights secured by the Constitution of the United States,

21   including, but not limited to their rights under the First, Fourth, 5th and 14th

22   Amendments to the U.S. Constitution, and did so in conjunction  and conspiracy with

23   SSA Terminals and its parent company.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    5.8 In committing the acts complained of herein and in their official and

2   individual capacities, DEFENDANTS 26-100 acted with a design and intention to

3   deprive PLAINTIFFS of their rights secured by the Constitution of the United States

4   and acted with deliberate indifference to PLAINTIFFS' rights.

5    5.9   As a direct and proximate result of the acts complained of herein,

6   PLAINTIFFS have suffered general and special damages as set forth in this complaint.

7    WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.
8
9
10
11
12    **COUNT THREE**
13    **Violation of Civil Rights**
14    **(Title 42 U.S.C. Section 1983)**
15    **(As to Plaintiffs ELMI and MUHIDDIN)**
16    **(As To DEFENDANTS SSA TERMINALS, BELL, HSUE, KENDALL, BRENT, and**
17    **Does 101-250)**
18
19    5.10   PLAINTIFFS re-allege and incorporate herein by reference the

20   allegations set forth in Paragraphs 1 through 5.12 of this complaint.

21    5.11 DEFENDANTS BELL, HSUE, KENDALL, BRENT and DOES 101-250,

22   acting expressly and with the knowledge and approval of their employer SSA

23   TERMINALS acted in concert, conspiracy, and by usual and accustomed plan TO

24   DIRECT the Port of Seattle Police to force ELMI and MUHIDDIN to leave TERMINAL

25   30 and to be banned from Terminal 30 under penalty of arrest, thus deliberately

26   depriving them of their livelihood to retaliate against them seeking to obtain basic

27   human rights and equal treatment and in support of the tortious conduct of SSA

---

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1   Marine's employees/contractors attacks on ELMI and MUHIDDIN, and in support of

2   SSA's racist and discriminatory policy as to the restrooms.

3       5.12 In violating PLAINTIFFS' rights as delineated above, and other rights

4   according to proof, DEFENDANTS acted by provocative conduct, verbal threat and

5   intimidation, humiliation, use of force, and by ratifying personally the above listed

6   conducts, acting to punish and deprive Plaintiffs for incidents wherein they were the

7   victims, and to punish them for asserting their basic right to equal protection, equal

8   access to facilities, and basic human rights DEFENDANTS acted to violate

9   PLAINTIFFS' rights under the First, Fourth, Fifth, Thirteenth, and Fourteenth

10  Amendments to the U.S. Constitution.

11      5.13   As a direct and proximate result of the violations of their Constitutional

12  rights by Defendants, and each of them, PLAINTIFFS have suffered general and

13  special damages as alleged in this complaint.

14      WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

15

16

17                          **COUNT FOUR**
18      **RACIAL/ NATIONAL ORIGIN DISCRIMINATION in Violation of Title VII**
19                       **(As to all PLAINTIFFS)**
20                     **(As to all SSA DEFENDANTS)**

21      5.14   PLAINTIFFS re-allege and incorporate herein by reference the

22  allegations set forth in Paragraphs 1 through 5.13 of this complaint.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1       5.15   In establishing and implementing the racially discriminatory policy toward

2  use of the restrooms at Terminal 30, and in encouraging, supporting, and ratifying the

3  use of force by its employees/contractors to enforce that policy, by use of banning

4  orders from the Terminal for Plaintiffs and other members of the SPTA who sought to

5  use of the restrooms at Terminal 30, and by using the Port of Seattle Police to enforce

6  that discriminatory policy, Defendants SSA, BELL, HSUE, KENDALL< BRENNON,

7  and Does 101-250 acted intentionally to violate Plaintiffs rights to equal treatment and

8  success at the workplace as codified in Title VII.

9       5.16   This policy and its enforcement and the ratification of force and banning

10  to defend and enforce it caused considerable pain, emotional distress, economic loss,

11  and other harm to PLAINTIFFS in an amount to be proved in trial.

12       5.17 All of this conduct, policy, and ratification created an intensely hostile

13  workplace.

14       5.18   The conduct of DEFENDANTS was willful, malicious, oppressive and/or

15  reckless, and was of such a nature that punitive damages should be imposed in an

16  amount commensurate with the wrongful acts herein alleged.

17       WHEREFORE, PLAINTIFFs pray for relief as hereinafter set forth.

18

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

**COUNT FIVE**
**BATTERY AND ASSAULT**
**(As to DEFENDANTS SSA TERMINALS, BRENT, BELL, HSUE, CABACCANG**
**AND RIVERS,)**

5.19   PLAINTIFF realleges and incorporates herein by reference the

allegations set forth in Paragraphs 1 through 5.18 of this complaint.

5.20   By deliberately physically attacking Plaintiffs as described, Defendants

CABACCANG and RIVERS, acted to intentionally commit batteries against the

Plaintiffs.

5.21 Defendants BRENT, BELL, and HSUE, as direct supervisors/managers

and agents of SSA acted deliberately to use force and the immediate threat of force,

as well as verbal abuse to force Plaintiffs ELMI and MUHIDDIN from Terminal 30, and

Plaintiffs were personally physically afraid of those Defendants.

5.22   These abusive physical attacks, accompanied by verbal threats, insults,

and slurs caused Plaintiffs to reasonably fear more harmful and offensive touching by

Defendants, and they did so fear.

5.23   The batteries and assaults of PLAINTIFFS, committed by DEFENDANTS

CABACCANG AND RIVERS were directly and proximately caused by DEFENDANTS

SSA TERMINALS, BELL, HSUE, KENDALL, BRENT and Does 101-250 ratifying the

batteries by the direct acts and policies, failing to supervise and discipline the batterers

despite full knowledge and awareness, verbal support for the batteries, deliberate

failure to speak out against the batteries, , and using the violence to justify retaliation

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1 against the Plaintiffs/victims, all of which created a climate of acceptance and

2 encouragement of that violence, thus creating more violence.

3      5.24   As a direct and proximate result of the violation of their rights by

4 DEFENDANTS, and of DEFENDANTS' tortious conduct towards PLAINTIFFS,

5 PLAINTIFFS suffered general and special damages as alleged in this complaint.

6      5.25 The conduct of DEFENDANTS was willful, malicious, oppressive, and/or

7 reckless, and was of such a nature that punitive damages should be imposed in an

8 amount commensurate with the wrongful acts alleged herein.

9      WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

10
11
12                        **COUNT SIX**
13   **RACIAL/NATIONAL ORIGIN DISCRIMINATION UNDER RCW 49.60.030**
14                     **(As to All DEFENDANTS)**
15
16      5.26   PLAINTIFF realleges and incorporates herein by reference the

17 allegations set forth in Paragraphs 1 through 5.25 of this complaint.

18      5.27   In acting to devise, adopt, ratify, and or enforce an arbitrary and

19 unreasonable [policy as to the restrooms at Terminal 30 that was facially and legally

20 discriminatory based on the racial identity/national origin of the Plaintiffs and other

21 victims Defendants knowingly and deliberately acted to discriminate against Plaintiffs

22 and others based on their race and/or National; Origin

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1     5.28   As a direct and proximate result of the violation of their rights by

2    DEFENDANTS, and of DEFENDANTS' tortious conduct towards PLAINTIFFS,

3    PLAINTIFFS suffered general and special damages as alleged in this complaint.

4     5.29   The conduct of DEFENDANTS was willful, malicious, oppressive, and/or

5    reckless, and was of such a nature that punitive damages should be imposed in an

6    amount commensurate with the wrongful acts alleged herein.

7     WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

8    //

9    //

10
11
12

**COUNT SEVEN**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(As to All DEFENDANTS)**

13

14     5.30   PLAINTIFF realleges and incorporates herein by reference the

15    allegations set forth in Paragraphs 1 through 5.29 of this complaint.

16     5.31   In carrying out the pattern of discrimination, violence, intimidating, and

17    economic deprivation and other acts alleged throughout this complaint,

18    DEFENDANTS, and each of them sought to cause emotional distress and trauma to

19    PLAINTIFFS, and PLAINTIFFS did suffer such emotional distress with accompanying

20    physical symptoms.

21     5.32   As a direct and proximate result of the violation of their Constitutional

22    rights by DEFENDANTS, Batteries, and other tortious conduct, PLAINTIFFS suffered

23    general and special damages as alleged in this complaint.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1    5.33    The acts and omissions of DEFENDANTS were extreme and

2    outrageous, and would be so seen and would shock the conscience of a reasonable

3    person.

4    5.34    The conduct of DEFENDANTS was willful, malicious, oppressive,

5    extreme and outrageous and/or reckless, and was of such a nature that punitive

6    damages should be imposed in an amount commensurate with the wrongful acts

7    alleged herein.

8    WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

9

10   **COUNT EIGHT**
11   **NEGLIGENCE**
12   **(As to All DEFENDANTS)**
13
14   5.35    PLAINTIFFS reallege and incorporate herein by reference the allegations

15   set forth in Paragraphs 1 through 5.34 of this complaint.

16   5.36    DEFENDANTS, and each of them, owed PLAINTIFFS a duty to use due

17   care at or about the times of the aforementioned incidents.

18   5.37 As truck drivers at the Terminal for a specific business purpose without

19   which SSA could not operate the Terminal or make its profit, SSA Terminals owed

20   Plaintiffs the duties owed to a business invitee.

21   5.40    In committing the aforementioned acts and/or omissions,

22   DEFENDANTS, and each of them, negligently breached said duties to use due care,

23   warn of and prevent foreseeable harm including criminal activity that SSA was

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1  specifically on notice was imminent, directly and proximately resulting in the injuries

2  and damages to the PLAINTIFFS as alleged herein.

3      WHEREFORE, PLAINTIFFS prays for relief as hereinafter set forth.

4

5                          **VI. JURY TRIAL DEMAND**

6  6.0 PLAINTIFFS hereby demand a jury trial in this matter.

7

8                          **VII. PRAYER FOR RELIEF**

9      WHEREFORE, PLAINTIFFS prays for judgment against the DEFENDANTS as

10  follows:

11      1.  For general damages including pain and suffering and, together with special

12  damages for PLAINTIFFS' Economic losses, reasonable and necessary legal

13  expenses, and medical expenses, the exact amount of which will be established at the

14  time of trial;

15      2.  For punitive damages in an amount to be proven at trial pursuant to Federal

16  and State law;

17      3.  For actual attorney's fees and litigation costs pursuant to 42 U.S.C. 1988

18  and Title VII;

19      4.  For statutory attorney's fees and costs;

20      5.  For court-supervised training, regulations and policy changes; and

21      6.  For such other and further relief as the Court deems just and proper.

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS

1

2   DATED: March 25, 2015

3                     /S/LAWRENCE A. HILDES

4                    LAWRENCE A. HILDES, WSBA #35035

5                   P.O. Box 5405, Bellingham, WA 98227

6                   Tel: (360) 715-9788, lhildes@earthlink.net

7                   Attorney for PLAINTIFFS KAISER ELMI,

8                   TESFARGHABAR BERHANE and MOHAMED

9                   MUHIDDIN

10

## PROOF OF SERVICE

Lawrence A. Hildes certifies as follows:

I am over the age of 18 years, and not a party to this action. I am a citizen of the United States.

My business address is P.O. Box 5405, Bellingham, WA 98227

On March 25, 2015, I served the following documents(s) described as follows

PLAINTIFFS' FIRST AMENDED COMPLAINT
on the following persons(s) in this action at the following addresses:

**Richard P. Lentini**
RYAN SWANSON & CLEVELAND
1201 3RD AVE, STE 3400, SEATTLE, WA 98101-3034
206-464-4224, Fax: FAX 583-0359
Email: lentini@ryanlaw.com
ATTORNEY FOR SSA DEFENDANTS

 CHAD RIVERS
20218 87TH Avenue E
Spanaway WA 98387

Michael Stillman CABACCANG
16517 16th Avenue SW
Burien WA 98166

[ X ] (BY PERSONAL SERVICEL) to named NON-SSA DEFENDANTS by HAVING
DELIVERED a true copy of the above documents in a sealed envelope  addressed to the
person(s) above, DELIEVRED TO THEM OR AN ADULT MEMBER OF THEIR
HOUSEHOLD at the above address

[X ] By electronic notice, by filing the PLEADING electronically and therefore cuasimng it to
be served on

 [X] (FEDERAL) I declare under penalty of perjury that I am a member of the BAR of this
court, and that the above information is true and correct.

Executed on March 25, 2015, at Bellingham, Washington.

  /S/    Lawrence A. Hildes
Lawrence A. Hildes

LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405, Bellingham, WA 98227
Tel: (360) 715-9788
Email: lhildes@earthlink.net

ATTORNEY FOR PLAINTIFFS